UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

------------------------------------

HILDA L. SOLIS, Secretary of Labor,  :
United States Department of Labor,  :
 :
                         Plaintiff,  :
 : Case No. 3:10-cv-00710
    v.  :
 :
MT. HOREB PLUMBING, INC., MICHAEL D.  : Hon. William M. Conley
O'CONNELL, individually and as fiduciary to the  :
MT. HOREB PLUMBING, INC. 401(k) PLAN,  : Magistrate Crocker
and the MT. HOREB PLUMBING, INC. 401(k)  :
PLAN,  : Hearing Date: 8/31/11 @8:30am
 :
                     Defendants.  :

------------------------------------

## DEFAULT JUDGMENT AS TO DEFENDANTS MT. HOREB PLUMBING, INC., MICHAEL D. O'CONNELL AND THE MT. HOREB, INC. 401(k) PLAN

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("the Secretary"), having filed her complaint; Defendants Mt. Horeb Plumbing, Inc., Michael D. O'Connell and the Mt. Horeb Plumbing, Inc. 401(k) Plan (collectively "the Defendants") having waived service of the complaint and summons; the Defendants having failed to plead or otherwise defend within the time prescribed by law; default of Defendants Mt. Horeb Plumbing, Inc., Michael D. O'Connell and the Mt. Horeb Plumbing, Inc. 401(k) Plan having been entered by the Clerk of Court on June 13, 2011; and the truth of the allegations contained in the Secretary's complaint having been verified by the attached declaration of the Employee Benefits Security Administration Investigator; now, therefore upon application of the Secretary and for cause shown,

1

**DEFAULT JUDGMENT IS HEREBY ENTERED** against the Defendants Mt. Horeb Plumbing, Inc., Michael D. O'Connell and the Mt. Horeb Plumbing, Inc. 401(k) Plan in accordance with the prayer of the complaint in the above-styled action; and it is:

**ORDERED, ADJUDGED, AND DECREED** that:

1. Defendants Mt. Horeb Plumbing, Inc. and Michael D. O'Connell are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §1001 *et seq.*

2. Defendants Mt. Horeb Plumbing, Inc. and Michael D. O'Connell are jointly and severally liable to the Mt. Horeb Plumbing, Inc. 401(k) Plan ("the Plan") in the total amount of $35,747.20 which represents the unremitted employee contributions, lost opportunity costs which accrued as a result of the non-remittance and untimely remittance of employee contributions to the Plan, and partial payment of the fees and expenses related to the services provided by the independent fiduciary appointed pursuant to paragraph 6 below.

3. Within ten days of service of this judgment upon Defendants Mt. Horeb Plumbing, Inc. and Michael D. O'Connell, Defendants shall make payment of $35,747.20 to the Plan and shall provide proof of such payment to the Regional Director, Chicago Regional Office, Employee Benefits Security Administration, 230 S. Dearborn St., Suite 2160, Chicago, IL 60604.

4. If the Defendants fail to make payment in full to the Plan pursuant to paragraph 3 above, the Court, pursuant to §1502(a) of the Taxpayer Relief Act of 1997, codified at 29 U.S.C. §1056(d)(4), authorizes the independent fiduciary, appointed in paragraph 6 of this Default Judgment, to cause Michael D. O'Connell's Plan account balance to be reallocated to pay any

2

remaining debt owed to the Plan as set forth in paragraphs 2 and 3 above.

5. Of the amount paid pursuant to paragraphs 3 and 4 above, $32,292.07 will be allocated by the independent fiduciary to the investment accounts of the Plan's non-fiduciary participants and beneficiaries. The Plan shall credit these monies to the individual investment accounts of the individuals, other than Defendant Michael D. O'Connell, who: (1) were employees of Mt. Horeb Plumbing, Inc., (2) were Plan participants during the period from January 3, 2006 through October 6, 2009, and (3) had employee contributions withheld from their pay for remittance to the Plan during this period and such contributions were never remitted or were not remitted in a timely manner to the Plan. The amount allocated to each of the individual investment accounts of the Plan's participants shall be equal to the unremitted contributions and/or lost opportunity costs owed to each participant. If such documentation which would allow for these allocations to be made no longer exists due to destruction by the defendants, the independent fiduciary will allocate the aforementioned monies on a pro rata basis to each participant's account based on the participant's current share of the Plan's total assets. The remaining $3,455.13 shall be paid by the Plan to the independent fiduciary as partial payment for his fees and expenses as set forth in paragraph 6, below. Within ten (10) days after the aforesaid reallocation, the independent fiduciary shall provide proof of such reallocation to the Regional Director, Chicago Regional Office, Employee Benefits Security Administration, 230 S. Dearborn St., Suite 2160, Chicago, IL 60604.

6. M. Larry Lefoldt of Lefoldt, CPA, of Lefoldt & Co., PA ("Lefoldt") is hereby appointed as the independent fiduciary for the Plan. The independent fiduciary shall have the following powers, duties and responsibilities:

3

a. As the independent fiduciary, Lefoldt will have authority to collect, liquidate, manage, and distribute assets of the Plan for the benefit of the eligible participants and beneficiaries of the Plan who are entitled to receive such assets and shall terminate the Plan and distribute the Plan's assets in accordance with the Plan's governing documents, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.*, the Internal Revenue Code and this Default Judgment;

b. The independent fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of this Default Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

c. The independent fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of participant account balances, recovery of amounts owed to the Plan and termination of the Plan;

d. The independent fiduciary may retain such persons and firms including but not limited to accountants and attorneys, as may be reasonably required to perform his duties hereunder;

e. The independent fiduciary shall receive compensation not to exceed the amount of $5000, this amount includes of any amounts paid to the independent fiduciary

4

as part of the reallocation of Defendant Michael D. O'Connell individual Plan account pursuant paragraph 5 of this Default Judgment, for the performance of the above-referenced duties, including costs reasonably and necessarily incurred, which shall be paid directly from the assets of the Plan;

    f.  The independent fiduciary shall obtain bonding in an amount that meets the requirements of ERISA §412, 29 U.S.C. §1112. The costs incurred by the independent fiduciary in obtaining such bonding shall by paid by the Plan; and

    g.  Upon final termination of the Plan and distribution of the Plan's assets, the independent fiduciary shall provide proof of such termination and distribution of the Plan's assets to the Regional Director, Chicago Regional Office, Employee Benefits Security Administration, 230 S. Dearborn St., Suite 2160, Chicago, IL 60604.

  7.  Defendant Michael D. O'Connell shall be barred from obtaining a distribution of any remaining balance in his individual accounts in the Plan until such time as payment to the Plan in compliance with paragraphs 3 and 4, above, has been made.

  8.  Defendant Michael D. O'Connell shall be permanently enjoined from serving or acting as a fiduciary or service provider with respect to any employee benefit plan subject to ERISA.

  9.  The Secretary is hereby awarded her attorney fees and the costs of this action.

  10.  The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Default Judgment.

5

11. Nothing in this Default Judgment is binding on any government agency other than the United States Department of Labor.

Dated: This 31st day of August, 2011.

_____
HONORABLE WILLIAM M. CONLEY
UNITED STATES DISTRICT COURT JUDGE

Entered this 31st day of August, 2011.

_____
Peter Oppeneer
Clerk of Court